**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Carlos Robinson PICHARDO–ESCOTO,**
**also known as Carlos R. Pichardo,**
**Defendant–Appellant.**

**No. 14–40901**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Aug. 13, 2015.

Renata Ann Gowie, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

---

Marjorie A. Meyers, Federal Public Defender, Timothy William Crooks, Assistant Federal Public Defender, Philip G. Gallagher, Assistant Federal Public Defender, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Carlos Robinson Pichardo–Escoto, Raymondville, TX, pro se.

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM: *

Carlos Robinson Pichardo–Escoto challenges the 46–month prison sentence that he received after pleading guilty to being found in the United States after the Government deported him. In its response brief, the Government moves to dismiss this appeal on the basis that Pichardo–Escoto's notice of appeal was untimely. The record supports the Government's contention. Pichardo–Escoto submitted his notice of appeal after the deadline and beyond the period during which the district court could have granted him an extension. See FED. R.APP. P. 4(b)(1)(A)(i), (b)(4). Although Rule 4(b) is not jurisdictional, United States v. Martinez, 496 F.3d 387, 388–89 (5th Cir.2007), we will not disregard a defendant's untimeliness after the Government timely objects, see, e.g., United States v. Lister, 561 Fed.Appx. 415, 416 (5th Cir.2014) (citing Eberhart v. United States, 546 U.S. 12, 18, 126 S.Ct. 403, 163 L.Ed.2d 14 (2005)). The Government's motion to dismiss was timely. United States v. Hernandez–Gomez, No. 14–41268, 795 F.3d 510, 511, 2015 WL 4666156 *1, 2015 U.S.App. LEXIS 13761 *2 (5th Cir. Aug. 6, 2015).

Accordingly, the Government's motion to dismiss is GRANTED, and the appeal is DISMISSED as untimely.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.